IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIE J. KOSEGARTEN, | ) | CIVIL NO. 10-00321 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE DEPARTMENT OF THE | ) | |
| PROSECUTING ATTORNEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
ON CERTAIN CLAIMS, AND GRANTING PLAINTIFF'S
<u>REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

On August 11, 2011, Defendants Department of the

Prosecuting Attorney, County of Maui ("the Department");

Benjamin M. Acob, in his individual capacity ("Defendant Acob");

and Timothy T. Tate, in his individual capacity ("Defendant

Tate", all collectively, "Defendants")[1] filed the instant Motion

for Judgment on the Pleadings on Certain Claims ("Motion").

Plaintiff Marie J. Kosegarten ("Plaintiff") filed her memorandum

---

[1] The parties stipulated to, *inter alia*, "amend the caption
and the name of Defendant Department of the Prosecuting Attorney,
County of Maui to Defendant County of Maui." [Stip. for
Dismissal With Prejudice as to Various Counts Against Defs.,
filed 11/10/11 (dkt. no. 52.) ("11/10/11 Stipulation"), at 2.]
The Court will therefore refer to Defendant County of Maui as
"Defendant County".
    The 11/10/11 Stipulation also dismissed all claims against
Defendants Acob and Tate in their official capacities. [<u>Id.</u>]
Thus, all of the Court's further references to Defendants Acob
and Tate are in their individual capacities.

in opposition on October 19, 2011, and Defendants filed their reply on October 25, 2011.  This matter came on for hearing on November 9, 2011.  Appearing on behalf of Defendants was Cheryl Tipton, Esq., and appearing on behalf of Plaintiffs were Michael Green, Esq., Richard Gronna, Esq., and Caprice Itagaki, Esq.  After the hearing, the parties submitted, and this Court approved, a stipulation dismissing various portions of the First Amended Complaint with prejudice, rendering part of the instant Motion moot.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART AS MOOT for the reasons set forth below.  In addition, Plaintiff's request for leave to file a Second Amended Complaint is HEREBY GRANTED.

## BACKGROUND

Plaintiff filed the instant employment discrimination and retaliation action on June 4, 2010.  She filed the First Amended Complaint on June 23, 2010.  Plaintiff states that, on or about October 17, 2008, June 10, 2009, and July 9, 2009, she timely filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Hawaii Civil Rights Commission ("HCRC").  The EEOC and HCRC each provided a right to sue letter for her claims.  Each letter is dated March 8, 2010.  Plaintiff states that she sent a Notice of Claim pursuant to Haw. Rev. Stat. § 46-72 on June 2, 2010.  Plaintiff therefore asserts that

she has met all of the conditions precedent for this action, as required under 42 U.S.C. § 2000e.  [First Amended Complaint at ¶¶ 10-12.]

At all relevant times, Defendant Acob was the County's Chief Prosecuting Attorney ("County Prosecutor") and Defendant Tate was a County deputy prosecuting attorney ("DPA").  [Id. at ¶¶ 7-8.]

I.   **Factual Background**

The Department originally hired Plaintiff as a DPA on November 12, 1991.  Plaintiff remained in that position until she resigned in August 1997 to relocate to the mainland.  On April 1, 2000, Plaintiff returned to Hawai`i, and the Department hired her as a felony screening DPA.  Plaintiff was promoted to District Court Supervisor in 2003, and she received the Department's Manager of the Year award in July 2003.  Plaintiff received another promotion in 2005 and began prosecuting felony cases.  In or around 2006, Plaintiff was one of the Judicial Selection Commission's finalists for a judgeship in the Second Circuit District Court.  [Id. at ¶¶ 13-19.]

Defendant Acob became the County Prosecutor around the end of 2006 or early 2007.  Plaintiff alleges that, in January 2007, Defendant Acob reassigned her to the District Court Supervisor position without reason.  [Id. at ¶¶ 20-21.]

Plaintiff alleges that, in September 2007, Defendant Tate asked Plaintiff to do him a favor by promoting Jacki Jura, a

DPA under Plaintiff's supervision with whom Defendant Tate was romantically involved.  Plaintiff refused because Ms. Jura was not qualified for a promotion, and Plaintiff reported Defendant Tate's request to his supervisor.  Shortly after the report, Plaintiff learned that Defendant Tate began referring to Plaintiff as a "lesbian" and a "butch" to the Department's staff, including Ms. Jura.  Plaintiff alleges that she was ridiculed and mocked in the office as a result.  [Id. at ¶¶ 22-25.]

On October 29, 2007, Defendant Tate demanded that Plaintiff recommend DPA Yukari Murakami, with whom he was romantically involved at the time, for a promotion.  Plaintiff declined because Ms. Murakami was not qualified for the promotion.  Plaintiff told Defendant that his requests were improper and that he should speak to Defendant Acob.  On the same date, or closely thereafter, Plaintiff attended a management meeting with Defendant Acob, Personnel Manager Wayne Steel, and all of the managing DPAs.  Plaintiff reported Defendant Tate's demands, but no action was taken.  According to Plaintiff, immediately after the meeting, Defendant Tate was informed about Plaintiff's report to the management team.  [Id. at ¶¶ 26-29.]

On or about October 30, 2007, Defendant Tate filed an internal complaint against Plaintiff, alleging that she had discriminated against Ms. Jura and Ms. Murakami because she was jealous of them.  He also claimed Plaintiff had said that no woman under her supervision would be able to have a relationship

with him.  Plaintiff alleges that Defendant Tate's complaint damaged her reputation as a supervisor.  The Department and Defendant Acob investigated the complaint.  Defendant Acob spoke with Ms. Jura and Ms. Murakami, both of whom praised Plaintiff as a supervisor and denied that Plaintiff either discriminated against them or treated them improperly or unfairly.  [Id. at ¶¶ 30-33.]

Defendant Tate later spread false rumors among the Department's staff, including Ms. Jura and Ms. Murakami, that Plaintiff had called Ms. Jura and Ms. Murakami "idiots" and "morons".  On August 27, 2007,[2] Mr. Steel and DPA Peter Hanano and/or Defendant Acob threatened to discipline or terminate Plaintiff because of the name-calling.  Sometime at the end of 2007, both Ms. Jura and Ms. Murakami were terminated.  Plaintiff was on personal leave at the time and did not discover that they had be terminated until she returned to work.  Both Ms. Jura and Ms. Murakami filed HCRC/EEOC complaints claiming that Plaintiff discriminated against them and/or treated them improperly or unfairly.  [Id. at ¶¶ 34-38.]

On November 5, 2007, at a meeting with Mr. Steel and Mr. Hanano, Plaintiff again complained about Defendant Tate's improper conduct and the office ridicule and harassment she was experiencing as a result.  At the Department's instruction,

---

[2] The First Amended Complaint states "August 27, 2008," but this appears to be a typographical error.  [First Amended Complaint at ¶ 36.]

Plaintiff filed a written complaint on November 18, 2007.  On December 31, 2007, Defendants informed her that they and the Corporation Counsel investigated her complaint and concluded it was unfounded.  Corporation Counsel, however, later told Plaintiff that they never received her complaint and that they were not aware of its existence.  Plaintiff provided Corporation Counsel with a copy of her complaint, but no action was taken. [Id. at ¶¶ 39-43.]

On or about August 14, 2008, Plaintiff learned that she had been nominated for Manager of the Year.  Plaintiff states that she was the only person nominated, and Defendants decided not to present an award that year.  [Id. at ¶¶ 44-45.]

On August 25, 2008, Defendant Acob questioned Plaintiff about a sketch of a former employee that had been posted in the District Court building.  Plaintiff told him that she was not aware of the incident, but Defendant Acob threatened to discipline and/or terminate her for failing to address it.  On August 27, 2008, Plaintiff informed Defendants that she was going to file a formal complaint because their actions constituted harassment and retaliation and created a hostile work environment.  She filed EEOC Charge No. 486-2008-00510 ("EEOC Complaint 1") on October 15, 2008.  At around that time, Defendant Acob and/or his staff later informed Plaintiff that they could not find merit in Defendant Tate's complaint against her, but that she was also under a new investigation for a

management violation.  [Id. at ¶¶ 46-49.]

        In March 2009, Defendants instructed Plaintiff to attend Defendant Tate's narcotics training class.  Plaintiff requested that she be allowed to receive the training through other means because of her history with Defendant Tate, but her request was denied.  Plaintiff states that she had to leave the class because she became physically ill.  She again requested alternate training, but her request was again denied.  Plaintiff emphasizes that Defendant Tate's presentation was later made available on Power Point for attorneys who could not attend the training.  During an April 2, 2009 meeting, Plaintiff was reprimanded for failing to attend the training class.  Defendant Acob told her that she would be disciplined immediately unless she maintained contact with Defendant Tate and attended his training classes.  Defendant Acob informed Plaintiff that he was planning to demote her and that Defendant Tate would be her supervisor.  Plaintiff was therefore forced to interact with Defendant Tate.  [Id. at ¶¶ 50-58.]

        In May 2009, Plaintiff learned that Cynthia Sims, a DPA under Plaintiff's supervision, had not been at work on Friday, May 15, 2009.  Plaintiff investigated and learned that Ms. Sims had approved sick leave to go to O`ahu for a doctor's appointment.  Plaintiff was satisfied that Ms. Sims had not violated any of the Department's rules, but Defendant Acob later demanded that Plaintiff take immediate disciplinary action

against Ms. Sims.  Plaintiff tried to explain that she had verified Ms. Sims' authorization for the leave and that Plaintiff had proof, but Defendant Acob continued to demand that she discipline Ms. Sims.  Plaintiff objected because Ms. Sims neither broke a rule nor inconvenienced other attorneys.  Defendant Acob demanded that Plaintiff impose a new rule on Ms. Sims that would require her to have a doctor's note each time she was sick and to fly back to Maui to work the later half of the day after a morning doctor's appointment on O`ahu.  Plaintiff objected that this was against the Department's policies about sick leave and that requiring Ms. Sims to fly back to Maui on a Friday afternoon would be discriminatory and an undue hardship because Ms. Sims lived on O`ahu on weekends.  Defendant Acob threatened Plaintiff with disciplinary action if he was dissatisfied with Ms. Sims's attendance.  Plaintiff filed her second EEOC/HCRC complaint ("EEOC Complaint 2") on June 8, 2009, based on the harassment and retaliation that she experienced after the filing of EEOC Complaint 1.  [Id. at ¶¶ 60-69.]

On June 23, 2009, Plaintiff received a notice from the EEOC that the Department and Defendant Acob had been notified about the EEOC Complaint 2.  That day, Defendant Acob, Mr. Steel, and Mr. Hanano presented Plaintiff with a letter officially terminating her employment for insubordination.  Plaintiff filed her third EEOC/HCRC complaint ("EEOC Complaint 3") on July 9, 2009, based on the termination.  [Id. at ¶¶ 70-74.]

Plaintiff alleges that the Department and Defendant Acob disciplined, but did not terminate, two other male supervisors for similar misconduct. [Id. at ¶¶ 75-80.] Plaintiff also alleges that Defendants promoted an unqualified male to her former position as District Court Supervisor. [Id. at ¶¶ 81-84.] Plaintiff further alleges that most, if not all, of her pay increases occurred before Defendant Acob became Chief Prosecutor, and, although she previously received numerous awards and commendations for her performance, she did not receive any while Defendant Acob was Chief Prosecutor. [Id. at ¶¶ 85-87.]

Plaintiff alleges that Defendant Acob discriminated against her based on her sex and her sexual orientation, and that he retailed against her for filing complaints with the EEOC/HCRC. She also alleges that Defendants created a hostile work environment and that their actions prevented her from practicing her profession and denied her livelihood and other benefits. Defendant Tate also allegedly defamed her, adversely affecting her career and reputation. [Id. at ¶¶ 88-91.]

The First Amended Complaint alleges the following claims: a discrimination/wrongful termination claim against the County and Defendant Acob under Title VII of the Civil Rights Act of 1964 ("Count I"); a sexual harassment/hostile work environment claim against Defendants ("Count II"); a retaliation claim against the County and Defendant Acob ("Count III"); a discriminatory practices claim against the County and Defendant

Acob pursuant to Haw. Rev. Stat. Chapter 378 ("Count IV"); a Hawai`i Whistleblower's Protection Act claim against the County and Defendant Acob pursuant to Haw. Rev. Stat. § 378-61, *et seq.* ("Count V"); a breach of fiduciary duty claim against the County and Defendant Acob ("Count VI"); a defamation claim against Defendant Tate ("Count VII"); an intentional infliction of emotional distress ("IIED") claim against Defendants ("Count VIII"); and a claim for punitive damages ("Count IX").

The First Amended Complaint seeks: an award of back pay; prejudgment interest; damages for the employment benefits she would have received if not for Defendants' actions; special and compensatory damages; attorneys' fees and costs; and any other appropriate relief. [Id. at pgs. 26-27.]

## II. **Defendants' Motion**

In the instant Motion, Defendants assert that they had legitimate, non-discriminatory reasons to terminate Plaintiff. According to Defendants, Plaintiff was terminated because she failed to discipline an employee who took excessive leave during her first year of employment with the County and because Plaintiff undermined management's authority by telling the employee that management was wrong in demanding that the employee be disciplined. [Mem. in Supp. of Motion at 1-2.] Defendants, however, argue that they are entitled to judgment on the pleadings as to some of Plaintiff's claims, regardless of the facts of the case. [Id. at 4.]

Insofar as the parties' 11/10/11 Stipulation rendered some portions of Defendants' Motion moot, the Court will not discuss the parties' arguments on those issues. Defendants' primary remaining argument is that Haw. Rev. Stat. § 378-2(1) and (2) does not provide for liability on the part of individual employees for discrimination or retaliation claims under that chapter. Insofar as Plaintiff's Chapter 378 claim cannot support liability against Defendants Acob and Tate, Plaintiff's punitive damages claim against them also fails. [Id. at 5-7.]

Defendants therefore urge the Court to grant judgment on the pleadings as to all claims alleging Chapter 378 claims against Defendants Acob and Tate.

## II. **Plaintiff's Opposition**

In her memorandum in opposition, Plaintiff argues that the judges of this district court are split on the issue whether there is individual liability under Haw. Rev. Stat. § 378-2(1) and (2). Chief United States District Judge Susan Oki Mollway and United States District Judge David Alan Ezra have ruled that there is no individual liability under § 378-2, except under § 378-2(3), which addresses aiding, abetting, inciting, compelling, or coercing discrimination.[3] United States District Judge J. Michael Seabright, Senior United States District Judge Alan C. Kay, and the late Senior United States District Judge Samuel P.

---

[3] Plaintiff also argues that subsection (3) applies in the instant case. [Mem. in Opp. at 5.]

King have ruled that § 378-2 does impose individual liability. [Id. at 5-6 (citing Lum v. Kauai County Council, 2007 U.S. Dist. LEXIS 82740, at 6 (D. Haw. Nov. 7, 2007) (citing cases)).[4]] Plaintiff therefore urges this Court to examine the issue on its own and to adopt the analysis of the judges applying individual liability, which Plaintiff argues is more consistent with § 378-2(3) and the legislative intent for Chapter 378.  [Id. at 6-8.]

Plaintiff notes that the Hawai`i Supreme Court has never fully addressed this issue, but it has found an employee who harassed a plaintiff jointly and severally liable for damages arising from the harassment.  Plaintiff contends that this is a strong indication that the Hawai`i Supreme Court would recognize individual liability under § 378-2(1) and (2).  [Id. at 8 (citing Steinberg v. Hoshijo, 88 Haw. 10, 19, 960 P.2d 1218, 1227 (1998)).]  Plaintiff also argues that this Court should not interpret § 378-2 by analogizing it to Title VII because the Hawai`i Supreme Court has recognized that federal discrimination law is not necessarily persuasive, particularly where there are differences in the relevant details.  Plaintiff urges the Court to look at the plain language of § 378-2 and the logical inferences of the chapter as a whole, which would indicate that there is individual liability.  Plaintiff urges the Court to deny the Motion as to the Chapter 378 claims against Defendants Acob

---

[4] The November 7, 2007 Lum order was superceded by an amended order dated November 9, 2007, which is available at 2007 WL 3408003.

and Tate and to allow her to conduct discovery on those claims.
[Id. at 8-9.]

Plaintiff also argues that it is undisputed that § 378-2(3) allows for liability against individuals who are not employers if they aid, abet, incite, compel, or coerce discrimination.  [Id. at 9-10.]  Plaintiff notes that the First Amended Complaint "claims general authority under HRS Chapter 378, [and] it is Plaintiff's contention that Defendants ACOB and TATE aided and abetted Defendant COUNTY in its unlawful harassment and bullying of Plaintiff, which in part forms the basis of this lawsuit."  [Id. at 10-11 (citing Declaration of Marie J. Kosegarten at ¶ 2-3).]  Thus, at the very least, the Court must allow Plaintiff's Chapter 378 claims to proceed against Defendants Acob and Tate pursuant to § 378-2(3).  [Id. at 11.]

As to Plaintiff's claim for punitive damages, Plaintiff notes that Haw. Rev. Stat. § 378-5 allows for the pursuit of the remedies provided in Haw. Rev. Stat. Chapter 368, and Haw. Rev. Stat. § 368-17(a) specifically allows for punitive damages as a remedy.  Thus, to the extent that Plaintiff's § 378-2 claims against Defendants Acob and Tate survive the Motion, her claim for punitive damages against them for those violations must also survive.  [Id. at 11-13.]

Finally, Plaintiff argues that, if this Court finds any deficiencies in the First Amended Complaint, this Court should

allow her to amend her complaint pursuant to Fed. R. Civ. P.

15(a).  For example, Plaintiff could point to the specific

provisions of Chapter 378 that she relies on.  Plaintiff

therefore urges the Court to deny the Motion or, in the

alternative, to grant her leave to amend.  [Id. at 13-14.]

IV.  **Defendants' Reply**

In their reply, Defendants argue that the law is

settled on the issue of individual liability under § 378-2(1) and

(2).  Lum, the case that Plaintiff cited, was appealed to the

Ninth Circuit, and the Ninth Circuit held that "'there is no

individual liability under Hawaii Revised Statutes § 378-2(1)(A)

and (2).'"  [Reply at 3 (quoting Lum v. Kauai County Council, 358

Fed. Appx. 860, 2009 WL 4912393 (9th Cir. 2009), cert. denied 131

S. Ct. 200 (2010)).]  Defendants emphasize that other cases in

this district have followed the Ninth Circuit's decision in Lum.

[Id. at 3-4 (citing Abbey v. Hawaii Employers Mut. Ins. Co., 2010

WL 1541868, *5 (D. Hawai`i Apr. 15, 2010); McNally v. University

of Hawaii, 780 F. Supp. 2d 1037, 1060 (D. Hawai`i Jan. 28, 2011);

Dowkin v. Honolulu Police Dept., 2011 WL 3882844, *7 (D. Hawai`i

Sep. 2, 2011)).]  This Court must apply the Ninth Circuit

precedent and grant the Motion as to the Chapter 378 claims

against Defendants Acob and Tate.  [Id. at 4.]

Defendants also argue that the First Amended Complaint

does not plead a claim for aiding and abetting pursuant to Haw.

Rev. Stat. § 378-2(3).  Defendants note that only Counts IV and V

allege violations of Chapter 378, and both are only against the County and Defendant Acob.   Count IV alleges discriminatory practices, and Count V relates to the Whistleblower's Protection Act.   Although Plaintiff states in her memorandum in opposition that Counts II and III allege Chapter 378 claims, this is not clear from the First Amended Complaint.   Count II (sexual harassment/hostile work environment) is alleged against all Defendants, and Count III (retaliation) is alleged against Defendant Department and Defendant Acob.   Defendants also point out that, in Count IV, paragraphs 114 and 115 track the language of § 378-2(1)(A) and § 378-2(2), respectively.   Plaintiff did not mention aiding and betting anywhere in her First Amended Complaint.   [<u>Id.</u> at 4-6.]

Even considering Plaintiff's statement in her declaration that "it is Plaintiff's contention that Defendants ACOB and TATE aided and abetted Defendant COUNTY in its unlawful harassment[,]" this does not support a claim for aiding and abetting.   [<u>Id.</u> at 6-7 (citations omitted).]   Further, if Plaintiff does not have a claim against Defendants Acob and Tate under § 378-2(1)-(3), her punitive damages claim against them must also be dismissed.   Defendants therefore urge the Court to grant the Motion.   [<u>Id.</u> at 8.]

Finally, Defendants emphasize that the deadline to amend pleadings in this case was July 8, 2011 and they vehemently oppose any extensions.   [<u>Id.</u>]

**STANDARD**

Fed. R. Civ. P. 12(c) states: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

[T]he standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

As noted, to withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v.] Twombly, 550 U.S. [544,] 570 [(2007)]. A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [Ashcroft v.] Iqbal, 129 S. Ct. [1937,] 1940 [(2009)]. Although the court must accept all

well-pleaded factual allegations as true,
"[t]hread-bare recitals of the elements of a cause
of action, supported by mere conclusory
statements, do not suffice." <u>Id.</u>  Nor must the
court "accept as true a legal conclusion couched
as a factual allegation." <u>Id.</u> (quoting <u>Twombly</u>,
550 U.S. at 555).

<u>Andrews v. Cnty. of Hawaii</u>, CV. No. 10-00749 DAE-KSC, 2011 WL

4381763, at *2-3 (D. Hawai`i Sept. 20, 2011) (some alterations in

<u>Andrews</u>).

## **DISCUSSION**

### I.   **The 11/10/11 Stipulation**

The 11/10/11 Stipulation sets forth the parties'

agreement that:

the following claims are dismissed with prejudice:
1.   All claims for punitive damages against
Defendant County.
2.   Counts I, II, III and IX to the extent
Plaintiff makes claims and seeks
damages, including punitive damages,
against Defendants ACOB and TATE in
their individual capacities for
violations of Title VII.
3.   Count VI (Fiduciary Duty).
4.   All claims made against Defendants ACOB
and TATE in their official capacities.
The Parties further stipulate to amend the
caption and the name of Defendant Department of
the Prosecuting Attorney, County of Maui to
Defendant County of Maui.

[11/10/11 Stip. at 2.]  Thus, to the extent that the instant

Motion sought judgment on the pleadings as to these claims,

Defendants have already obtained the relief they sought.  The

Court therefore DENIES AS MOOT Defendants' Motion as to all of

these issues.  The only remaining issue in the Motion is whether

Plaintiff has stated a plausible claim under Haw. Rev. Stat. §

378-2 against Defendants Acob and Tate.

## II.   Individual Liability Under § 378-2(1) and (2)

Section 378-2 provides, in pertinent part:

It shall be an unlawful discriminatory practice:

(1) Because of race, sex, including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record:
(A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment;
. . . .

(2) For any employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice forbidden by this part or has filed a complaint, testified, or assisted in any proceeding respecting the discriminatory practices prohibited under this part; [and]

(3) For any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so[.]

Haw. Rev. Stat. § 378-1 defines "Employer" as "any person, including the State or any of its political subdivisions and any agent of such person, having one or more employees, but shall not include the United States."

As Plaintiff points out, the judges of this district court who have addressed the issue have differed in their rulings on whether § 378-2 imposes liability on individual employees.

At this point, Judge Ezra and this judge have

ruled that there is no individual liability under
section 378-2, except under subsection 378-2(3),
which concerns aiding, abetting, inciting,
compelling, or coercing discrimination.  See,
e.g., Lavarias v. Hui O'Kakoa Security, 2006 WL
3422256 (D. Haw. Nov. 28, 2006) (Ezra, J.);
Maizner v. Haw. Dept. of Educ., 405 F. Supp. 2d
1225, 1235 (D. Haw. 2005) (Mollway, J.); White v.
Pac. Media Group, 322 F. Supp. 2d 1101, 1114 (D.
Haw. 2004) (Ezra, J); Luzon v. Atlas Ins. Agency,
284 F. Supp. 2d 1261, 1265 (D. Haw. 2003)
(Mollway, J.); Mukaida v. Hawaii, 159 F. Supp. 2d
1211, 1226 (D. Haw. 2001) (Mollway, J.).  But see
Black v. Correa, 2007 WL 3195122, *18 (D. Haw.
Oct. 30, 2007) (Ezra, J.) (finding individual
liability under section 378-62, while not
revisiting rulings regarding section 378-2).
     Judges J. Michael Seabright, Alan C. Kay, and
Samuel P. King have determined that section 378-2
does indeed impose individual liability.  See,
e.g., Hale v. Haw. Publ'ns, Inc., 468 F. Supp. 2d
1210, 1229 (D. Haw. 2006) (Kay, J.); Sherez v.
State of Haw. Dep't of Educ., 396 F. Supp. 2d
1138, 1145 (D. Haw. 2005) (Seabright, J.); Black
v. City & County of Honolulu, 112 F. Supp. 2d
1041, 1056-57 (D. Haw. 2000) (King, J.); accord
U.S. ex rel. Lockyer v. Haw. Pac. Health, 490 F.
Supp. 2d 1062, 1087 (D. Haw. 2007) (Kay, J.)
(applying the same reasoning to a Whistleblower's
Protection Act claim under Haw. Rev. Stat. §
378-62 to find individual liability).
     A split with her colleagues guarantees that
this judge fully revisits the issue each time it
comes up in her cases.  Despite her great respect
for the colleagues who differ with her, this judge
adheres to the reasoning in Lavarias, Maizner,
White, Luzon, and Mukaida . . . .

Lum v. Kauai Cnty. Council, Civ. No. 06-00068 SOM/LEK, 2007 WL

3408003, at *3 (D. Hawai`i Nov. 9, 2007) (Mollway, J.).

     Judge Mollway noted that "[t]he disagreement among the

judges in this district centers around whether an individual is

an 'employer.'"  Id. at *4.  Judge Mollway summarized the

analyses in the orders addressing the issue, beginning with Judge

King's 2000 order in <u>Black</u>.  <u>Id.</u> at *4-7.  In particular, this

Court emphasizes the following portions of that summary:

> [I]f called upon to decide the issue, Hawaii
> appellate courts would likely follow the
> federal courts' reasoning in Title VII cases
> and rule that, under Chapter 378, unless an
> individual actually employs someone, the
> individual cannot be liable for quid pro quo
> harassment or hostile work environment
> discrimination because the individual is not
> an "employer."

<u>Mukaida</u>, 159 F. Supp. 2d at 1227. . . .

. . . .

. . . As Judge Ezra put it, "[T]he [Hawaii]
legislature intended to include employees as
personally liable pursuant to § 378-2(3) [the
aiding and abetting provision], and not personally
liable for a violation of the statute in general."
<u>White</u>, 322 F. Supp. 2d at 1114.  <u>White</u> agreed with
this judge's analysis in <u>Luzon</u> that the Hawaii
legislature, had it intended that individuals be
liable under section 378-2(1) or section 378-2(2),
could have easily said so:

> Throughout Chapter 378, the legislature has
> described which behavior, when committed by
> an "employer," "employment agency," or "labor
> organization," constitutes an unlawful
> discriminatory practice.  Only in Section
> 378-2(3) did the legislature include the
> broad reference to "any person whether an
> employer, employee, or not" as being liable
> for the specific action of aiding, abetting,
> inciting, compelling, or coercing
> discriminatory actions.  H.R.S. Chapter 378.
> As the court stated in <u>Luzon</u>, the legislature
> "clearly knew how to include employees within
> a statute's scope" and its failure to do so
> explicitly throughout the statute suggests
> that employees are only held liable for
> infractions of § 378-2(3).  284 F. Supp. 2d
> at 1265 n.1.

<u>White</u>, 322 F. Supp. 2d at 1114.  Notably, Judge
Ezra was not persuaded that the individual
defendant in <u>White</u>, who was the plaintiff's
supervisor, should be subjected to individual
liability just because he was in a managerial
position.  <u>Id.</u> at 1114. . . .

. . . .

> . . . In <u>Maizner</u>, 405 F. Supp. 2d at 1235-37,
> this judge studied the grammar of the definition
> of "employer" set forth in section 378-1,
> concluding, contrary to <u>Sherez</u>, that the
> definition of "employer" did not impose individual
> liability under section 378-2(1) or section
> 378-2(2).  This judge reasoned that the
> participial phrase "having one or more employees"
> in section 378-1 restrictively modified "any
> person" such that the definition of "employer"
> could not be read to include individuals who did
> not have employees.

<u>Id.</u> at *4-5 (some alterations in <u>Lum</u>).

> Further, Judge Mollway noted:

> Nothing in the definition of "employer" in section
> 378-1 or its legislative history indicates that
> the term "employer" was intended to include
> individuals who do not employ others.  To be an
> "employer" as defined in <u>section 378-1</u>, an "agent"
> must have "one or more employees."  <u>See</u> <u>Maizner</u>,
> 405 F. Supp. 2d 1225 at 1235-37.
>     The legislative history of section 378-2 does
> not countermand the statutory definition.  As
> Judge Kay notes in <u>Hale</u>, "employer" was originally
> defined as "any person having one or more persons
> in his employment, and includes any person acting
> as an agent of an employer, directly or
> indirectly."  Judge Kay concluded that this
> original definition of "employer" supports the
> proposition that an "employee" may be liable as an
> "agent" of the employer.  <u>Hale</u>, 468 F. Supp. 2d at
> 1228.  This judge submits that such a reading
> would distort the statutory language.

<u>Id.</u> at *8.  Judge Mollway also rejected the rule imposing

liability on individual employees as agents of the employer

because to adopt such a rule would effectively be judicial

legislation and there was no state case law addressing individual

liability under § 378-2(1) and (2).[5]  <u>Id.</u> at *10-11.

---

[5] This Court notes that there is still no Hawai`i state case
                                                (continued...)

As Defendants have pointed out, in Lum's appeal to the Ninth Circuit, that court stated "**there is no individual liability under Hawaii Revised Statutes § 378-2(1)(A) and (2).** We agree with the district court's analysis of the Hawaii statute's language, particularly in light of its parallels to Title VII." <u>Lum v. Kauai Cnty. Council</u>, 358 Fed. Appx. 860, 862 (9th Cir. 2009) (emphasis added), <u>cert. denied</u>, 131 S. Ct. 200 (2010).  As an unpublished decision, the Ninth Circuit's decision in <u>Lum</u> is not binding precedent.  <u>See</u> Ninth Cir. Rule 36-3 (permitting citation of unpublished decisions issued after January 1, 2007, but stating that such decisions are not binding).  District courts within the Ninth Circuit, however, have often recognized that unpublished Ninth Circuit decisions are persuasive as indications of how the Ninth Circuit applies binding precedent.  <u>See, e.g.</u>, <u>Mack v. Hernandez</u>, Civil No. 09-1700 JLS (AJB), 2010 WL 2487613, at *11 n.6 (S.D. Cal. May 6, 2010); <u>Bjorlin v. Hubbard</u>, No. CIV S-09-1793 GEB GGH P, 2010 WL 1689442, at *10 n.17 (E.D. Cal. Apr. 26, 2010); <u>Nuh Nhuoc Loi v. Scribner</u>, 671 F. Supp. 2d 1189, 1202 (S.D. Cal. 2009).  This Court also notes that none of the judges in this district who ruled, prior to the Ninth Circuit's decision in <u>Lum</u>, that there is individual liability under § 378-2(1) and (2) have had occasion to revisit the issue since the Ninth Circuit's ruling.

---

[5](...continued)
law squarely addressing this issue.

More importantly, however, this Court agrees with Judge Mollway's analysis in <u>Lum</u> regarding the definition of the term "employer" in § 378-2(1) and (2).  This Court therefore CONCLUDES that an individual employee, even if he is a supervisor, cannot be held individually liable under Haw. Rev. Stat. § 378-2(1) and (2) unless he himself has one or more employees.  In the present case, Plaintiff has not alleged that either Defendant Acob or Defendant Tate individually has one or more employees, and the Court FINDS that neither is an "employer" for purposes of Haw. Rev. Stat. § 378-2(1) and (2).  Plaintiff therefore cannot maintain a claim under § 378-2(1) and (2) against either Defendant Acob or Defendant Tate.

Defendants' Motion is GRANTED as to Plaintiff's claims against Defendants Acob and Tate under Haw. Rev. Stat. § 378-2(1) and (2), which are DISMISSED.

## III. **Whether Plaintiff Alleged Claims Under § 378-2(3)**

Plaintiff also asserts that she has stated a claim against Defendants Acob and Tate for aiding and abetting discrimination in violation of Haw. Rev. Stat. § 378-2(3), which expressly provides for individual liability against employees. Plaintiff argues that this Court must allow her § 378-2(3) claim to go forward.  Defendants argue that Plaintiff did not plead a § 378-2(3) claim in the First Amended Complaint.  This Court agrees.

The only counts in the First Amended Complaint that

expressly invoke Hawai`i state law are Courts IV and V.   Count V

alleges a claim under the Hawai`i Whistleblower's Protection Act,

Haw. Rev. Stat. § 378-61, *et seq.*, and therefore does not

constitute a claim for violations of § 378-2(3).   Count IV

alleges a "Discriminatory Practices" claim under "Haw. Rev. Stat.

Chap. 378" against the County and Defendant Acob.   [First Amended

Complaint at pg. 21.]   First, Plaintiff did not allege Count IV

against Defendant Tate and therefore Count IV clearly cannot

support Plaintiff's position that she has pled a § 378-2(3) claim

against Defendant Tate.   Further, as noted by Defendants, the

allegations of Count IV track the language of § 378-2(1) and (2),

compare First Amended Complaint at ¶ 114 with Haw. Rev. Stat.

§ 378-2(1)(A), and First Amended Complaint at ¶ 115 with § 378-

2(2),[6] and Plaintiff does not mention aiding and abetting in

Count IV.

        Plaintiff also alleges discrimination or retaliation

claims in Counts I, II, and III.   Count I, however, expressly

_____

        [6] The First Amended Complaint states, in pertinent part:
                114. Defendant Department and Defendant Acob,
        their agents and employees, engaged in
        discriminatory acts and practices against
        Plaintiff in the terms, conditions, or privileges
        of her employment.
                115. Defendant Department and Defendant Acob
        did so, on the basis of, and because of
        Plaintiff's sex and sexual orientation, and
        because Plaintiff opposed their illegal practices
        and filed a complaint, testified, or assisted in
        proceedings respecting the discriminatory
        practices prohibited under the law.
[First Amended Complaint at pgs. 21-22.]

alleges a Title VII claim and therefore cannot support a § 378-2(3) claim.   Count II alleges a "Sexual Harassment/Hostile Environment" claim against all Defendants.   [First Amended Complaint at pg. 19.]   It refers generally to "violation of the law prohibiting sexual harassment/hostile work environment" without specifying what specific law Plaintiff relies on.   [Id. at ¶ 106.]   Count III alleges a "Retaliation" claim against the County and Defendant Acob.   [Id. at pg. 20.]   It therefore does not allege a § 378-2(3) claim against Defendant Tate.   As with Count II, Count III does not specify which specific law Plaintiff relies upon.   [Id. at ¶ 112.]

Under Fed. R. Civ. P. 8(a)(2), a complaint must include, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"   The statement, however, must be sufficient to "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted) (alteration in original).   Although Counts II, III, and IV can arguably be construed as alleging § 378-2 claims against the defendants identified therein, none of those counts uses the term "aiding and abetting", nor do the allegations of those counts make it clear that Plaintiff is alleging an aiding and abetting claim. The First Amended Complaint did not give Defendants sufficient notice that Plaintiff was alleging an aiding and abetting claim

pursuant to § 378-2(3).  The Court therefore CONCLUDES that there is no § 378-2(3) claim in the First Amended Complaint. Defendants' Motion is GRANTED to the extent that it seeks a ruling that Plaintiff has not alleged a Haw. Rev. Stat. § 378-2(3) claim in the First Amended Complaint.

## IV.   **Leave to Amend**

Plaintiff seeks leave of court to file a Second Amended Complaint clarifying the "specific provisions of Chapter 378 which Plaintiff alleges are applicable in this case[.]"  [Mem. in Opp. at 14.]

The deadline to add parties and amend pleadings in this case has passed.  Plaintiff must therefore obtain an amendment of the scheduling order to amend her complaint.  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  If the Court grants an amendment of the scheduling order, under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires."  Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. Foman v. Davis, 371 U.S. 178, 182 (1962); In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive

factor.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048,
1052 (9th Cir. 2003) (citation omitted).

In light of the lack of binding authority on the issue
whether Haw. Rev. Stat. § 378-2(1) and (2) imposes liability on
individual employees, Plaintiff took a good faith (although
ultimately incorrect) position that she alleged actionable § 378-
2 claims against Defendants Acob and Tate.  If Plaintiff had been
correct, a § 378-2(3) would have arguably been unnecessary.  This
Court therefore FINDS that the dismissal of Plaintiff's § 378-
2(1) and (2) claims constitutes good cause to amend the
scheduling order and that there was no bad faith or dilatory
motive in Plaintiff's failure allege a § 378-2(3) claim in the
First Amended Complaint.  Further, allowing Plaintiff to amend
her complaint to allege a § 378-2(3) will not unduly delay this
case, and any prejudice to Defendants can be minimized by
adjusting the deadlines in the scheduling order.  Finally, the
Court finds that the § 378-2(3) claim is not futile.  The factual
allegations in the First Amended Complaint are compelling,
particularly in light of the fact that the individual employees
at issue are attorneys sworn to act in the public interest.  The
Court therefore GRANTS Plaintiff leave to amend her complaint to
add a claim against Defendant Acob and Defendant Tate pursuant to
Haw. Rev. Stat. § 378-2(3).

Plaintiff must file her Second Amended Complaint by
**December 21, 2011**.  The Court emphasizes that the leave granted

Plaintiff is limited to the addition of the § 378-2(3) claim and to the incorporation of the terms of the 11/10/11 Stipulation. Plaintiff may not add any new parties, any new legal theories, or any other new claims.  The Court CAUTIONS Plaintiff and her counsel that the failure to comply with the terms of this order may result in sanctions, including, but not limited to, the dismissal of the § 378-2(3) claim.

## V.  <u>Punitive Damages</u>

Defendants argued that, insofar as Plaintiff did not have a claim against Defendants Acob and Tate under Haw. Rev. Stat. § 378-2, the Court must also dismiss Plaintiff's claim for punitive damages.

The Court GRANTS Defendants' Motion to the extent that the Court DISMISSES Count IX, Plaintiff's claim for punitive damages, because punitive damages are not an independent cause of action.  Punitive damages are a remedy which is "incidental to a separate cause of action[.]"  <u>United States ex rel. Lockyer v. Hawaii Pac. Health</u>, 490 F. Supp. 2d 1062, 1089 (D. Hawai`i 2007) (citing <u>Ross v. Stouffer Hotel Co.</u>, 76 Hawai`i 454, 466, 879 P.2d 1037, 1049 (Haw. 1994)).

The Court, however, notes that punitive damages may still be available to Plaintiff as a remedy, particularly in light of the fact that the Court has given Plaintiff leave to add a § 378-2(3) claim against Defendants Acob and Tate.  <u>See</u> Haw. Rev. Stat. §§ 378-5(a), 368-17(a).

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Judgment on the Pleadings on Certain Claims, filed August 11, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART AS MOOT.  The Motion is GRANTED to the extent that: Plaintiff's Haw. Rev. Stat. § 378-2(1) and (2) claims against Defendant Acob and Defendant Tate are DISMISSED; Count IX of the First Amended Complaint is DISMISSED; and the Court rules that the First Amended Complaint does not allege a Haw. Rev. Stat. § 378-2(3) claim.  The Motion is DENIED AS MOOT in all other respects.

The Court, however, GRANTS Plaintiff's request for leave to amend her complaint.  Plaintiff has leave to file a Second Amended Complaint according to the terms of this order. Plaintiff must file her Second Amended Complaint by no later than **December 21, 2011.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 29, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARIE J. KOSEGARTEN V. THE DEPARTMENT OF THE PROSECUTING ATTORNEY, ET AL; ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON CERTAIN CLAIMS AND GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**