| | |
|---|---|
| MARIE J. KOSEGARTEN, | CIVIL NO. 10-00321 LEK-KSC |
| Plaintiff, | |
| vs. | |
| THE DEPARTMENT OF THE PROSECUTING ATTORNEY, ET AL., | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE AND/OR TO DISMISS
<u>PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

On January 4, 2012, Defendants the County of Maui ("the County"); Benjamin M. Acob, in his individual capacity ("Defendant Acob"); and Timothy T. Tate, in his individual capacity ("Defendant Tate", all collectively, "Defendants") filed the instant Motion to Strike and/or to Dismiss Portions of Plaintiff's Second Amended Complaint ("Motion"). Plaintiff Marie J. Kosegarten ("Plaintiff") filed her memorandum in opposition on March 6, 2012, and Defendants filed their reply on March 13, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY

GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and the Court will only discuss the events that are relevant to the instant Motion.

On June 23, 2010, Plaintiff filed her First Amended Complaint in this action.[1] The First Amended Complaint alleged the following claims: a discrimination/wrongful termination claim against the County and Defendant Acob under Title VII of the Civil Rights Act of 1964 ("Count I"); a sexual harassment/hostile work environment claim against Defendants ("Count II"); a retaliation claim against the County and Defendant Acob ("Count III"); a discriminatory practices claim against the County and Defendant Acob pursuant to Haw. Rev. Stat. Chapter 378 ("Count IV"); a Hawai`i Whistleblower's Protection Act claim against the County and Defendant Acob pursuant to Haw. Rev. Stat. § 378-61, *et seq.* ("Count V"); a breach of fiduciary duty claim against the County and Defendant Acob ("Count VI"); a defamation claim against Defendant Tate ("Count VII"); an intentional infliction of emotional distress ("IIED") claim against Defendants ("Count VIII"); and a claim for punitive damages ("Count IX").

---

[1] The First Amended Complaint named Defendants Acob and Tate in their official and individual capacities.

On November 29, 2011, this Court issued its Order Granting in Part and Denying in Part as Moot Defendants' Motion for Judgment on the Pleadings on Certain Claims and Granting Plaintiff's Request for Leave to File a Second Amended Complaint ("Order"). 2011 WL 6002870. The Order noted that the parties stipulated to dismiss:

> 1. All claims for punitive damages against Defendant County.
> 2. Counts I, II, III and IX to the extent Plaintiff makes claims and seeks damages, including punitive damages, against Defendants ACOB and TATE in their individual capacities for violations of Title VII.
> 3. Count VI (Fiduciary Duty).
> 4. All claims made against Defendants ACOB and TATE in their official capacities.

Id. at *7-8 (quoting Stip. for Dismissal With Prejudice as to Various Counts Against Defs., filed 11/10/11 (dkt. no. 52.) ("11/10/11 Stip."), at 2). Thus, the Order denied as moot the motion to dismiss the First Amended Complaint as to those claims. Id. at *8.

The Court also dismissed the claims in the First Amended Complaint under Haw. Rev. Stat. § 378-2(1) and (2) against Defendants Acob and Tate, and concluded that the First Amended Complaint did not state an aiding and abetting claim under Haw. Rev. Stat. § 378-2(3). Id. at *11-12. The Court, however, gave Plaintiff leave to amend her complaint, stating:

> The Court emphasizes that the leave granted Plaintiff is limited to the addition of the § 378-2(3) claim and to the incorporation of the terms

>     of the 11/10/11 Stipulation.  Plaintiff may not
>     add any new parties, any new legal theories, or
>     any other new claims.  The Court CAUTIONS
>     Plaintiff and her counsel that the failure to
>     comply with the terms of this order may result in
>     sanctions, including, but not limited to, the
>     dismissal of the § 378-2(3) claim.

Id. at *13.

Plaintiff timely filed her Second Amended Complaint on December 21, 2011.  The Second Amended Complaint alleges the following claims: a Title VII discrimination/wrongful termination claim against the County ("Count 1"); a sexual harassment/hostile work environment claim against the County ("Count 2"); a retaliation claim against the County ("Count 3"); a discriminatory practices claim against all Defendants pursuant to Chapter 378, including the aiding and abetting claim against Defendants Acob and Tate ("Count 4"); a Hawai`i Whistleblower's Protection Act claim against the County pursuant to Haw. Rev. Stat. § 378-61, *et seq.* ("Count 5"); and a defamation claim against Defendant Tate ("Count 6").

In the instant Motion, Defendants urge the Court to strike and/or dismiss parts of the Second Amended Complaint because Plaintiff exceeded the authority to amend that this Court granted in the Order.  Defendants argue that numerous changes and additions in the Second Amended Complaint are unrelated to either the addition of the § 378-2(3) aiding and abetting claim or the implementation of the 11/10/11 Stipulation.  Further, Plaintiff

4

has added new legal theories that would require Defendants to re-depose Plaintiff.  Defendants ask the Court to strike all additions that are unrelated to the § 378-2(3) claim, and Defendants seek sanctions against Plaintiff for violating the Order, including, but not limited to, the dismissal of the § 378-2(3) claim.

Defendants argue that, even if the Court does not dismiss the § 378-2(3) claim based on Plaintiff's violation of the Order, the Court must dismiss the § 378-2(3) claim because it fails to state a claim upon which relief can be granted.  Defendants argue that Plaintiff has failed to identify a person who was incited, compelled, or coerced to actually commit an illegal act.  Plaintiff has only named the person who incited, compelled, or coerced the alleged illegal act, and Defendants emphasize that the County is not a person who can be incited, compelled, or coerced.  Further, Defendants argue that Plaintiff's allegations that Defendant Tate filed discrimination complaints against her cannot support an aiding and abetting claim because notifying an employer of possible discrimination by another employee is not an illegal act.

In her memorandum in opposition, Plaintiff denies that she violated the Order.  She argues that all of the additional facts alleged in the Second Amended Complaint are necessary to understand the setting in the office where the alleged aiding and

abetting occurred.  The new allegations also clarify claims and facts that she previously pled.  Plaintiff emphasizes that the core allegations about what Defendants Acob and Tate did have not changed, and she asserts that she has not added any new parties, legal theories, or new claims other than what the Order allowed.

As to Defendants' argument that the § 378-2(3) claim fails to state a claim, Plaintiff asserts that the Second Amended Complaint sufficiently identifies Defendants Acob and Tate as the persons who worked in concert to violate Plaintiff's rights under Title VII and Haw. Rev. Stat. Chapter 378.  Defendant Tate incited, compelled, and coerced Defendant Acob, who ultimately committed the illegal acts against Plaintiff.  She also argues that Defendant Tate's discrimination complaints against her were false and served as the pretext that Defendant Acob needed to terminate Plaintiff.

In their reply, Defendants first argue that Plaintiff's memorandum in opposition failed to address the failure to exhaust administrative remedies argument which Defendants raised in their February 10, 2012 errata to the Motion.  In addition, Defendants reiterate that the Court should strike all portions of the Second Amended Complaint which exceed the leave to amend granted in the Order and that, even if the Court does not strike those allegations, Plaintiff has still failed to state a plausible § 378-2(3) claim.

**DISCUSSION**

I. **Defendants' Errata**

As previously noted, Defendants filed the instant Motion on January 4, 2012. On February 10, 2012, Defendants filed a document entitled "Errata to Memorandum in Support of Defendants' Motion to Strike and/or to Dismiss Portions of Plaintiff's Second Amended Complaint" ("Errata"). [Dkt. no. 95.] The Errata purports to add a new argument to the memorandum in support of the Motion - that Plaintiff failed to exhaust her administrative remedies as to the § 378-2(3) aiding and abetting claim. The Errata also includes a declaration of counsel and supporting exhibits.

First, the Court notes that Defendants failed to provide the Court with the requisite courtesy copies of the Errata. Second, the Court does not consider a substantive argument raised over a month after the filing of a motion to be the proper subject of an errata filing. Cf. Turner v. Dep't of Educ. Hawaii, Civ. No. 10-00707 ACK-BMK, 2012 WL 668829, at *1 n.4 (D. Hawai`i Feb. 29, 2012) (noting that the defendants filed three errata, one providing a missing page from an exhibit, and two correcting typographical errors in the declarations). The Court considers the argument in the Errata as more akin to a new argument raised in the reply, which this Court would not consider. See Local Rule LR7.4 ("Any argument raised for the

7

first time in the reply shall be disregarded."). The Court therefore declines to rule upon the argument raised in Defendants' Errata.

In addition, the Court notes that Defendants' exhaustion argument appears to be based on case law that is inapplicable to the instant case. Defendants argue: "Allegations in the civil complaint that fall outside the scope of the administrative charge are barred for failure to exhaust." [Errata at 3 (citing <u>Rodriquez v. Airborne Express</u>, 265 F.3d 890, 897 (9th Cir. 2001)).] <u>Rodriquez</u>, however, does not address the exhaustion of administrative remedies for claims under Haw. Rev. Stat. Chapter 378. In the event that Defendants properly raise the exhaustion argument in a subsequent Motion, the Court directs the parties to address <u>French v. Hawaii Pizza Hut, Inc.</u>, 105 Hawai`i 462, 476, 99 P.3d 1046, 1060 (Hawai'i 2004), and the Hawai`i Supreme Court's discussion of <u>B.K.B. v. Maui Police Department</u>, 276 F.3d 1091, 1095, 1103 (9th Cir. 2002), a case where "[i]n analogous circumstances, the Ninth Circuit Court of Appeals held that the plaintiff's state statutory claims of sexual harassment were preserved despite her failure to include specific allegations of sexual harassment on her [Hawai`i Civil Rights Commission] form."

## II.  <u>Exhibit D</u>

In urging the Court to dismiss Plaintiff's § 378-2(3)

8

claim, Defendants ask this Court to consider Plaintiff's answers to interrogatories because they are contradictory to the allegations in the Second Amended Complaint. [Mem. in Supp. of Motion at 8-9 (citing Motion, Decl. of Cheryl Tipton, Exh. D).] Plaintiff asks the Court to strike Exhibits B[2] and D because they exceed what is permissible in a motion to dismiss. [Mem. in Opp. at 20.]

> This district court has recognized that:
>
> When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011). Exhibits B and D do not meet the exception to the general rule that considering exhibits with a motion to dismiss converts the motion to dismiss to a summary judgment motion. The Court therefore declines to

---

[2] Exhibit B is an excerpt from the transcript of Plaintiff's June 22, 2011 deposition.

9

consider Defendants' Exhibits B and D, but the Court also finds that it is unnecessary to strike them. Similarly, the Court also declines Plaintiff's apparent request that the Court consider the as-yet-untranscribed deposition testimony of Wayne Steel. [Mem. in Opp. at 19.] The Court now turns to the merits of Defendants' Motion.

### III. **Violation of the Order**

Defendants ask this Court to dismiss Plaintiff's § 378-2(3) aiding and abetting claim as a sanction for Plaintiff's failure to comply with the Order or, at least, to strike the new allegations which exceed the authority to amend granted in the Order.

As an initial matter the Court notes that, paragraph 48 of the Second Amended Complaint alleges:

> On August 27, 2008, only a few days before Plaintiff was scheduled to give testimony on Ms. Jura and Ms. Murakami's [Equal Employment Opportunity Commission ("EEOC")] complaints, and as a result of Defendant Tate's complaints, Plaintiff was summoned into a meeting with management and Defendant Acob and was informed of Tate's second and third complaints against her. Furthermore, as a result of Defendant Tate's complaints, Defendants Acob and County informed Plaintiff that they would be initiating a "management violation" investigation against her, implying she should be careful about what she said at the upcoming EEOC hearings, as her testimony might have a negative impact on her employment with County.

In response to Defendants' argument that Plaintiff admitted during her deposition that Defendant Acob was not at the meeting

10

referenced in paragraph 48, Plaintiff states that she agrees to strike the references to Acob being present at the meeting. [Mem. in Opp. at 8.] The Court therefore GRANTS the Motion to the extent that the Court STRIKES the portions of paragraph 48 stating that Defendant Acob attended the August 27, 2008 meeting, as well as any other portions of the Second Amended Complaint alleging that Defendant Acob attended that meeting.

As to the other changes in the Second Amended Complaint which Defendants seek to strike, the Court FINDS that they do not violate the Order. The Order granted Plaintiff leave to amend "limited to the addition of the § 378-2(3) claim and to the incorporation of the terms of the 11/10/11 Stipulation[,]" and cautioned Plaintiff that she could "not add any new parties, any new legal theories, or any other new claims." 2011 WL 6002870, at *13. The Second Amended Complaint does not include any new parties or any new claims, other than the § 378-2(3) claim. Defendants allege that some of Plaintiff's changes present new legal theories, but Plaintiff denies this. Having reviewed all of the changes in the Second Amended Complaint, the Court FINDS that all of the changes either implement the 11/10/11 Stipulation, support the § 378-2(3) claim, or clarify pre-existing factual allegations and claims. Although the clarifying amendments arguably constitute technical violations of the Order's admonition to limit the changes to the § 378-2(3) claim

or the stipulation, they do not warrant any sanctions.  The Court therefore DENIES Defendants' Motion to the extent that Defendants seek sanctions for violation of the Order.  The denial, however, is without prejudice to a renewed motion if Plaintiff later attempts to use the amendments in the Second Amended Complaint to put forth a legal theory which Plaintiff did not put forth in the First Amended Complaint.

**IV.  Whether the § 378-2(3) Claim States a Claim**

Defendants also argue that the Court should dismiss the § 378-2(3) aiding and abetting claim because it fails to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554, 127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

Under these standards, the Court CONCLUDES that Plaintiff's § 378-2(3) claim is plausible on its face. In particular, the Second Amended Complaint, read as a whole, sufficiently identifies: 1) Defendant Tate as the person who incited, compelled, or coerced the discriminatory actions against Plaintiff; and 2) Defendant Acob as the person who was incited, compelled, or coerced into taking discriminatory actions against Plaintiff. Further, Defendant Tate's discrimination complaints against Plaintiff, although otherwise a legal activity, can support a Chapter 378 claim because Plaintiff alleges that the complaints were false and that Defendant Acob used them as a pretext for the discriminatory actions. Defendants, of course, will have the opportunity to test Plaintiff's allegations in motions for summary judgment and/or at trial.

The Court therefore DENIES Defendants' Motion to the extent that it seeks dismissal of Plaintiff's § 378-2(3) claim for failure to state a claim.[3]

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to

---

[3] To the extent the Motion raises other arguments which the Court has not specifically addressed in this Order, the Court clarifies that it has rejected those arguments, as indicated by the Court's ultimate conclusion that Plaintiff's § 378-2(3) claim states a plausible claim.

Strike and/or to Dismiss Portions of Plaintiff's Second Amended Complaint, filed January 4, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court GRANTS the Motion to the extent that the Court STRIKES the portions of paragraph 48 stating that Defendant Acob attended the August 27, 2008 meeting, as well as any other portions of the Second Amended Complaint alleging that Defendant Acob attended that meeting.  The Court DENIES the Motion in all other respects.  The denial of Defendants' request for sanctions, however, is without prejudice to a renewed motion if Plaintiff later attempts to use the amendments in the Second Amended Complaint to put forth a new legal theory in violation of this Court's Order Granting in Part and Denying in Part as Moot Defendants' Motion for Judgment on the Pleadings on Certain Claims and Granting Plaintiff's Request for Leave to File a Second Amended Complaint, filed November 29, 2011.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 5, 2012.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**MARIE J. KOSEGARTEN V. THE DEPARTMENT OF THE PROSECUTING ATTORNEY, ET AL; CIVIL NO. 10-00321 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND/OR TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**